IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY MICHAEL KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 01-J-2634-S |
| | ) |
| WARDEN BILLY MITCHEM; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) ) ) |
| Respondents. | ) |

FILED
02 JUL 30 PM 1:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 3 0 2002

MEMORANDUM OF OPINION

On July 8, 2002, the Magistrate Judge's Findings and Recommendation was filed and entered recommending dismissal of the petition for writ of habeas corpus as untimely. On July 22, 2002, Jerry Michael King, petitioner, filed a written objection arguing that he should be given the benefit of equitable tolling and that the court should find his petition for writ of habeas corpus to be timely.

Petitioner seeks to have the limitation period tolled for five months while he was without counsel during part of the direct appeal process. Specifically, he alleges that appellate counsel failed to file an application for rehearing and a petition for writ of certiorari to the Alabama Supreme Court. Petitioner, however, filed a *pro se* application for rehearing ( Respondents' Exhibit E) and a *pro se* petition for writ of certiorari to the Alabama Supreme Court (Respondents' Exhibit F). Whether petitioner was represented by counsel or proceeded *pro se* during these stages of the direct appeal process is irrelevant because the limitation period would not have started running until 90 days AFTER the petition for writ of certiorari to the Alabama Supreme Court was stricken when the time for seeking certiorari review by the United States Supreme Court expired. Because his first Rule 32 petition was filed on May 22, 1996, prior to the expiration of time for filing a petition for

14

writ of certiorari with the United States Supreme Court, the limitation period did not begin running on June 5, 1996.

Petitioner further alleges that the trial court should have consolidated the first Rule 32 petition and amended or second Rule 32 petition. Whether the trial court treated what was filed on December 16, 1996 as an amended petition or a second Rule 32 petition and whether the court consolidated the two petitions or not,[1] was irrelevant to whether the federal habeas petition was timely. Because the second Rule 32 petition was filed before the application for rehearing on the first Rule 32 petition was overruled, the limitation period remained tolled continuously from the date his conviction became final until May 6, 1999 when the Alabama Supreme Court denied the petition for writ of certiorari with respect to the second Rule 32 petition.

The limitation period ran from the May 6, 1999 denial of his petition for writ of certiorari relating to his second Rule 32 petition until the October 19, 1999[2] filing of his third Rule 32 petition (5 months and 13 days) and again from October 13, 2000 denial of the petition for writ of certiorari relating to his third Rule 32 petition until the October 11, 2001 filing of the petition presently before the court (almost one year). Petitioner has not presented any reason that the limitation period should have been equitably tolled from May 6, 1999 until October 19, 1999 or from October 13, 2000 until October 11, 2001.

---

[1] Since the first Rule 32 petition was in the appellate courts when the amended or second Rule 32 petition was filed, the trial court probably appropriately treated what was described as an amended petition as a second Rule 32 petition. Presumably, the trial court would not have had jurisdiction to take any action on an amended petition while the original petition was in the appeal process. In any event, as discussed below, whether treated as an amended petition or second Rule 32 petition, the limitation period did not begin running until the completion of the appeal process from the second Rule 32 petition.

[2] The court notes that in the Magistrate Judge's Findings and Recommendation, June 19, 1999 was mistakenly used instead of the correct October 19, 1999 filing date of the third Rule 32 petition.

Finally, petitioner alleges that he is "actual[ly] innocent and was convicted on a false perjur[ed] testimon[y]. Petitioner does not present any new evidence of actual innocence. Based on the evidence in the record as recited in the Magistrate Judge's Findings and Recommendation as well as the lack of any evidence of perjured testimony, King's allegations are insufficient to support a claim of actual innocence sufficient to allow the court to address the merits of the claim despite petitioner's untimely filing of his federal habeas petition.

Based on the foregoing, the petitioner's objection are due to be overruled. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the 30 day of July, 2002.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE